Case 4:22-cv-04016   Document 1-1   Filed on 05/06/22 in TXSD   Page 1 of 10

4/19/2022 3:52 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63703798
By: Rhonda Momon
Filed: 4/19/2022 3:52 PM

Cause No. 2022-23448-A

| | |
|---|---|
| THE JOHNS LAW FIRM, LLC<br>   *Plaintiff-Garnishor,*<br><br>v.<br><br>ANGELA PAWLIK,<br>   *Defendant-Debtor,*<br><br>AND<br><br>JOHNS LAW FIRM, PLLC AND<br>JEREMIAH JOHNS<br>   *Garnishees.* | IN THE DISTRICT COURT OF<br><br><br><br>HARRIS COUNTY, TEXAS<br><br><br><br>164TH JUDICIAL DISTRICT |

## PLAINTIFF'S APPLICATION FOR PRE-JUDGMENT GARNISHMENT

The Johns Law Firm, LLC, Plaintiff and Garnishor, requests the issuance of a pre-judgment writ of garnishment against Johns Law Firm, PLLC and Jeremiah Johns, Garnishees, to satisfy Plaintiff's claims against Angela Pawlik, Defendant and Debtor, pending in this Court under Cause No. 2022-23448.

### I. DISCOVERY

1. Plaintiff intends that discovery be conducted under Level 2.

### II. PARTIES

2. Plaintiff The Johns Law Firm, LLC is a Louisiana limited liability company and law firm.

1

EX A

3. Defendant Angela Pawlik is an individual residing in Lubbock County, Texas. She may be served with notice by personal delivery or regular first class mail under Rule 21a at her place of residence, 4510 Ironton Ave., Apt. 9207, Lubbock, Texas 79407, or wherever she may be found.

4. Garnishee Johns Law Firm, PLLC is a Texas professional limited liability company and law firm whose principal place of business is in Harris County, Texas. It may be served with the writ of garnishment by personal delivery to its registered agent, Jeremiah Nathan Johns, at its registered address, 2016 Crockett Street, Houston, Texas 77007.

5. Garnishee Jeremiah Johns is an individual and lawyer residing in Harris County, Texas. He may be served with the writ of garnishment by personal delivery to his usual place of residence or business, 2016 Crockett Street, Houston, Texas 77007 or wherever he may be found.

### III. Nature of Proceeding

6. This is an application for a pre-judgment writ of garnishment under Tex. Civ. Prac. & Rem. Code § 63.001(2), which provides, "A writ of garnishment is available if . . . a plaintiff sues for a debt and makes an affidavit stating that: (A) the debt is just, due, and unpaid; (B) within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and (C) the garnishment is not sought to injure the defendant or the garnishee."

EX A

7.   Plaintiff has sued Defendant for a debt in Cause No. 2022-23448, *The Johns Law Firm, LLC v. Pawlik*, pending in this Court. The verification of this application and the declaration attached as Exhibit 3 satisfy the requirements of § 63.001(2).

8.   A pre-judgment writ of garnishment may be issued "upon written order of the court after a hearing, which may be ex parte." TEX. R. CIV. P. 658.

## IV.   FACTS

9.   Plaintiff is a law firm that, at the time of the occurrences in question, had offices in New Orleans, Louisiana and Houston, Texas.

10.   On March 12, 2020, Primerica Life Insurance Company ("Primerica") filed a complaint in federal court in the Western District of Texas interpleading the $1,000,000 proceeds of a life insurance policy between Defendant Angela Pawlik and the decedent's estate. The case is docketed as *Primerica Life Insurance Company v. Pawlik, et al.*, No. 7:20-cv-00063-DC, in the U.S. District Court for the Western District of Texas (the "Interpleader Case").

11.   On May 8, 2020, Defendant, then of Odessa, Texas, retained Plaintiff to represent her in the Interpleader Case. She entered a written Contingency Fee Agreement with Plaintiff, providing for Plaintiff to represent her in her claims under the Primerica policy on a contingent fee basis. A copy of the Contingency Fee Agreement is attached as Exhibit 1.

EX A

12.    The Contingency Fee Agreement was negotiated and drafted by Jeremiah Johns, then a member of Plaintiff, in Harris County. After Defendant e-signed the Contingency Fee Agreement, it was sent back to Johns in Harris County and signed by Johns on behalf of Plaintiff in Harris County.

13.    Plaintiff promptly appeared on behalf of Defendant in the Interpleader Case through Johns and Blair Brogan, another attorney of Plaintiff, and diligently pursued her claims. Brogan was the primary attorney assigned to Defendant's case. Tony Hernandez, another member of Plaintiff, also worked on the case.

14.    Plaintiff, through Brogan, worked diligently on Defendant's case, preparing and filing a motion for summary judgment, a response to the estate's motion for summary judgment, and other briefing.

15.    In November 2020, Defendant discharged Plaintiff without cause and engaged Johns Law Firm, PLLC, a new, competing, firm based in Houston created by Johns, who departed Plaintiff in January 2021. Johns Law Firm, PLLC began representing Defendant in the Interpleader Case Plaintiff and Brogan were ready, willing, and able to continue representing Defendant, but were forced to withdraw when they were discharged by Defendant.

16.    Due to the briefing prepared and filed by Brogan on behalf of Plaintiffs, the federal court ruled for Defendant on the claimants' dueling motions for summary judgment, awarding the entire $1,000,000 policy amount to

Defendant. After the estate filed an appeal and before any briefing, Defendant and the estate settled their claims in the Interpleader Case, and on April 4, 2022, the federal court entered an agreed order to disburse $1,000,000 proceeds from the court's registry, with $850,000, plus accrued interest, payable by a check to Angela Pawlick and Johns Law Firm, PLLC, and delivered to Johns Law Firm, PLLC. A copy of an amended order entered April 6, 2022 is attached as Exhibit 2. On information and belief, this order has not yet been carried out.

17. Under the terms of the Contingency Fee Agreement, Plaintiff is entitled to a 40% fee of the $850,000.

18. Defendant, through Johns, has repudiated her obligation to pay the contingent fee owing to Plaintiff. Johns has stated that he will not protect Plaintiff's fee interest and plainly intends to disburse the $850,000 recovery to Defendant and himself without paying Plaintiff.

## V.  ARGUMENT

19. Plaintiff hereby applies for issuance of a pre-judgment writ of garnishment against Johns Law Firm, PLLC and Jeremiah Johns, as Garnishees.

20. A "suit for damages for breach of contract" serves as the "basis for issuance of a writ of garnishment as long as the demand was liquidated." *Fogel v. White*, 745 S.W.2d 444, 446 (Tex. App.—Houston [14th Dist.] 1988, orig. proceeding). A claim is liquidated if "the amount of the claim is not contingent,

EX A

is capable of being definitely ascertained by the usual means of evidence, and does not rest in the discretion of the jury." *Cleveland v. San Antonio Building & Loan Association*, 223 S.W.2d 226, 228 (Tex. 1949). In the underlying lawsuit, pending under Cause No. 2022-23448, Plaintiff has filed suit against Angela Pawlik for breach of the Contingency Fee Agreement, asserting a liquidated claim against Defendant Angela Pawlik in the sum of $340,000.00, plus interest accrued on that amount in the registry of the court in the Interpleader Case. This amount is no longer contingent because Defendant has been awarded a recovery of $850,000, and the amount of Plaintiff's fee can be definitely ascertained from the terms of the Contingency Fee Agreement and the agreed order entered in the Interpleader Case. This claim is just, due, and unpaid.

21. Within Plaintiff's knowledge, the debtor, Defendant, does not possess property in Texas subject to execution that is sufficient to satisfy the above-described claim.

22. Plaintiff has reason to believe, and does believe, that has or soon will have in hand money belonging to Defendant: Specifically, Garnishees have received or will soon receive the insurance proceeds ordered disbursed from the registry of the court in the Interpleader Case.

23. Plaintiff is not seeking to injure or harass the garnishee or the debtor by suing out a writ of garnishment. Additionally, Plaintiff will show that it has a

6

EX A

valid contingent fee interest in and lien on the proceeds to be garnished, and if those proceeds are paid over to the debtor, it is unlikely that Plaintiff will be able to recover its interest. Moreover, Defendant and Garnishees have repudiated any obligation to protect Plaintiff's contingent fee interest, with Garnishees going so far as to advise Defendant that she would not be subject to any attorney fee liability to Plaintiff. Therefore, Plaintiff requests that the Court fix the amount of Plaintiff's bond and Defendant's replevy bond and order the clerk to issue a writ of garnishment in accordance with Rule 658.

24. Because the garnished funds will remain protected in the trust account of Garnishees, who are Defendant's lawyer and his law firm, Defendant will suffer no injury or prejudice from the garnishment. Accordingly, Plaintiff suggests that a $500 bond would be adequate to protect Defendant, and requests that bond be set at that amount.

25. Plaintiff requests that the amount of Defendant's replevy bond be set at $340,000.00, the amount of Plaintiff's liquidated claim and contingent fee interest.

26. This application is supported by the verification of Tony Hernandez, a member of Plaintiff, attached hereto, and the declaration of Blair Brogan, attached as Exhibit 3, each of whom has knowledge of relevant facts.

27. Accordingly, Plaintiff requests the writ of garnishment be issued, and that Plaintiff have judgment against Garnishees to satisfy the claim as

EX A

provided by law, together with all costs of court, and such other relief to which Plaintiff may be entitled. Plaintiff further requests that the Court fix the amount of Plaintiff's bond and Debtor's replevy bond in accordance with Rule 658.

## VI. Ex Parte Hearing Requested

28. A prejudgment writ of garnishment may be issued by order of the Court after an ex parte hearing. TEX. R. CIV. P. 658. The application should be granted *ex parte* because, as demonstrated by Defendant's and Garnishees' repudiation of Plaintiff's fee interest as well as Garnishees' prior disregard for a temporary restraining order in pending litigation between them and Plaintiff, there is an immediate danger that Defendant and the Garnishees will dispose the assets such that Plaintiff will not be able to satisfy any judgment that may be rendered against her.

## VII. Prayer

29. For the reasons stated above, Plaintiff The Johns Law Firm, LLC respectfully requests a writ of garnishment be issued, and that Plaintiff have judgment against Garnishees to satisfy the claim as provided by law, together with all costs of court, and such other relief to which Plaintiff may be entitled. Plaintiff further requests that the Court fix the amount of Plaintiff's bond and Debtor's replevy bond in accordance with Rule 658.

EX A

Respectfully Submitted,

**HUMPHREY LAW PLLC**

*/s/ Brian S. Humphrey II*
**Brian S. Humphrey II**
State Bar No. 24074456
TC Energy Center
700 Louisiana, Suite 3950
Houston, Texas 77002
brian@htx-law.com
Telephone: 713-364-2616
Facsimile: 832-827-3299
***Attorney for Plaintiff***

EX A

VERIFICATION

My name is Tony Hernandez, my date of birth is May 28, 1983, and my address is 327 Delaronde Street, New Orleans, LA 70114. I am a member of Plaintiff. I declare under penalty of perjury that the facts stated in section VI, Facts and section VII, Application for Pre-Judgment Writ of Garnishment, are within my personal knowledge and are true and correct.

Executed in Orleans Parish, State of Louisiana, on the 19th day of April, 2022.

*/s/ Tony Hernandez*
Declarant

EX A